ACCEPTED
01-14-00345-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 5:06:52 PM
CHRISTOPHER PRINE
CLERK

## NO. PD-1133-15

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### AT AUSTIN

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 5:06:52 PM
CHRISTOPHER A. PRINE
Clerk

-----------------------------------------------------------------

## NO. 01-14-00345-CR

## IN THE COURT OF APPEALS FOR THE

## FIRST DISTRICT OF TEXAS

## AT HOUSTON

-----------------------------------------------------------------

**BRANDON DERRAIL EVANS,**                 **APPELLANT**

**V.**

**THE STATE OF TEXAS,**                 **APPELLEE**

-----------------------------------------------------------------

## MOTION FOR SECOND EXTENSION OF TIME TO FILE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

-----------------------------------------------------------------

**Winston E. Cochran, Jr.**
Attorney at Law
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail:winstoncochran@comcast.net

Counsel for Appellant

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

COMES NOW the appellant, Brandon Derrail Evans (hereinafter "Evans"), through the undersigned counsel, and respectfully requests that this Court grant a second, 30-day extension of the time to file a petition for discretionary review of the decision in this cause by the Court of Appeals for the First District of Texas, for reasons set forth as follows.

1.   Evans was indicted for Possession of a Firearm by a Felon.  A jury found Evans guilty as charged.  Punishment was assessed at confinement for five years in the Texas Department of Criminal Justice, Correctional Institutions Division.  Evans gave timely notice of appeal.

2.   On appeal Evans challenged the sufficiency of the evidence to show that he knowingly possessed a firearm which was located on the floor of a vehicle in which he was seated.  The issue essentially was a question as to how the "affirmative links" doctrine applied.  The Court of Appeals affirmed the judgment of the district court on July 30, 2015.

3.   This Court granted an extension of time to file the petition for discretionary review until September 30, 2015.  Evans requests a second extension of time to file the petition until October 30, 2015.

4.   The reasons for the requested second extension are as follows:

(A)  Since September 1, 2015, when the first extension request was filed, the

undersigned counsel spent an unexpectedly large amount of time on matters relating to an Intoxication Manslaughter case, *State of Texas v. Darcie Spillers*, in the 405th District Court of Galveston County, Texas. First, on September 3, 2015, counsel had to go to Jefferson County, Texas, where Spillers was arrested for a DWI case, filed while Spillers was on bond. The next day counsel had to go into the 405th District Court for a brief hearing to determine whether a bond revocation hearing would be set. Then a hearing on the bond revocation motion was conducted on September 11, 2015. Another pretrial hearing on various motions was conducted on September 18, 2015, with final settlement efforts failing when the prosecutor raised the plea offer. Jury selection occurred on Monday, September 21, 2015, and the trial then lasted until the middle of the day on Friday, October 2, 2015. Every evening during trial was spent on preparation for the next day.

(B) Counsel also had to spend a few hours, right before the extended due date for the petition, working with another attorney on a civil appeal in the United States Court of Appeals for the Fifth Circuit, as the other attorney is not a Fifth Circuit member and had to have the undersigned counsel's assistance.

(C) The undersigned counsel also is seeking a second extension on another case, *Andrew Demond Haynes v. State*, until October 21, 2015. Counsel needs a little extra time to work on this case after the *Haynes* petition is completed.

2

5.    The issue which Evans intends to present in his petition will be the following question, or a similarly worded question:

Did the Court of Appeals err in its interpretation and application of the "affirmative links" concept in holding that the evidence was sufficient?

This is essentially a question of interpreting the law, particularly the balance between "links" which are shown and those which are not, rather than a question of the state of the evidence in the particular case.

Wherefore Evans prays that the time for filing a petition for discretionary review in this cause be extended to October 30, 2015.

Respectfully submitted,

**/s/ Winston E. Cochran, Jr.**
Winston E. Cochran, Jr.
Attorney at Law
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail:winstoncochran@comcast.net
Counsel for Appellant

3

## CERTIFICATE OF SERVICE

I certify that copies of this petition have been served on counsel for the State

electronically or by mail at the following addresses on October 6, 2015:

Galveston County District Attorney's Office      Hon. Lisa C. McMinn
Appellate Division      State Prosecuting Attorney
Attention: Rebecca Klaren      P.O. Box 13046
600 59th Street      Austin, TX 78711-3046
Galveston, TX 77551

/s/ Winston E. Cochran, Jr.
Winston E. Cochran, Jr.

4